**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GARRETTE BELLEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-906-DDN |
| | ) | |
| D. MARSHAIK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Garrette Bellew, an incarcerated person at Maryville Treatment Center, to proceed in the district court without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.70. Additionally, for the reasons discussed below, the Court will dismiss without prejudice plaintiff's complaint.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his application, plaintiff states that he earns a monthly income of $8.50 at the Maryville Treatment Center. The Court will therefore assess an initial partial filing fee of $1.70, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 against the following officers at the Jefferson County Detention Center:  Sheriff D. Marshaik, Sgt. Dennis, Cpl. Crew, Brenda Short, Supervisor Coleman, Correctional Officer ("CO") Gullett, Supervisor Helms, CO Jones, CO Downard, CO Rector, and Jefferson County Detention Crews 1-4 Individually.[1]  Plaintiff specifies that he sues D. Marshaik and Brenda Short in both their individual and official capacities.  He does not state in what capacity he sues the remaining defendants.

Plaintiff's complaint involves the tragic death of a fellow inmate at the Jefferson County Detention Center on March 17, 2020.  Plaintiff states that on that date, the facilities panic/emergency buttons were offline for maintenance upgrades for the upper pods 1 through 5. Despite these buttons being non-functional, "the custody staff did no routine safety checks." Plaintiff states that while these buttons were down, inmate Jared Gross hanged himself in the upper

---

[1] Plaintiff has filed a form complaint for a Prisoner Civil Rights Action Pursuant to 42 U.S.C. § 1983; however, he does not allege any constitutional violation.  In his civil cover sheet, plaintiff lists his causes of action as "negligence/wrongful death."  Because there is no federal question and the parties are not diverse, this Court would not have jurisdiction over state law claims for "negligence/wrongful death." *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) ("federal courts are courts of limited jurisdiction").

pod 2 shower.  Plaintiff found Gross's body and other inmates began "several minutes of beating on the glass to get the bubble officers' attention."

Although the complaint is unclear as to the exact sequence of events, plaintiff states that when officers arrived on the scene CO Gullett forcibly removed plaintiff from his pod and took him to administrative segregation.  Plaintiff alleges Gullett "picked me up slammed me on the ground kneed me in my face."  Plaintiff states CO Downard then put him in a suicide smock and on suicide watch.

Plaintiff alleges defendants Marshaik, Dennis, Crew, and Short negligently housed inmates without proper safety and security measures in place.  After this incident, defendants "shuffle[d] the facility" to house the inmates.  Plaintiff alleges Supervisors Cole, Coleman, Helms, Tripplett, Thornhill, and COs Rector, Stager, Jones, Jones, Downard, Gullett, Adams, Piccarelli, Brawly, Wheelis, and Borgetti failed to do routine safety checks.  "This death was an avoidable death had administration and custody simply housed us in a safety conscious area or even done walk throughs."

For his injuries, plaintiff states he has suffered mental trauma as he was the inmate to discover Mr. Gross's body and remove it from the noose.  He states he suffered further trauma because of his treatment by officers following the incident.  "I was humiliated by being stripped naked and put on suicide watch."  For relief, plaintiff asks the Court to award $5 million in damages for wrongful death and negligence to any dependents of Jared Gross.  He seeks $500,000 for himself for the mental trauma he incurred.

## Discussion

Plaintiff's complaint is subject to dismissal on initial review pursuant to 28 U.S.C. § 1915(e)(2).  As an initial matter, a pro se plaintiff can bring his own claims to federal court without

counsel, but not the claims of others. *See* 28 U.S.C. § 1654 (pro se parties may only bring actions on their own behalf); *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure:  Civil 3d § 1769.1 ("class representatives cannot appear pro se").  Plaintiff may only bring claims on his own constitutional injuries, not on the constitutional injuries of other inmates.  To the extent plaintiff seeks to bring claims on behalf of Mr. Gross's dependents, these claims will be dismissed because he cannot bring claims on behalf of others pro se.

As to plaintiff's own claims for mental trauma and emotional distress arising out of this unfortunate incident, these claims are also subject to dismissal without prejudice.  The Prison Litigation Reform Act ("PLRA") mandates that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."  42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018).  "[T]o recover more than nominal damages under the statute, a prisoner must allege or prove more than mental or emotional injury.  We interpret the PLRA to require more than a de minimis physical injury."  *McAdoo*, 899 F.3d at 525; *but see Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (holding prisoners may maintain actions for alleged First Amendment violations without claiming a physical injury).

Plaintiff has not alleged any physical injury, and therefore he cannot maintain a federal civil action under the PLRA.  All is not lost, however.  Plaintiff might be able to allege state law claims for negligence against defendants in Missouri state court.  These claims do not fall under the rubric of constitutional claims and therefore this federal court would not have jurisdiction. Federal courts are courts of limited jurisdiction.  *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).  Federal courts have jurisdiction over two general types of cases:  cases

that arise under federal law (*i.e.*, federal-question jurisdiction) and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties (*i.e.*, diversity jurisdiction).  *Id.*  Plaintiff's claims of negligence do not arise under federal law, and he has not alleged diversity of citizenship among the parties.

Because plaintiff cannot bring a federal civil action under the PLRA alleging only mental trauma suffered while in custody and because this Court does not  have jurisdiction over plaintiff's state law negligence claims, the Court will dismiss plaintiff's complaint without prejudice for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.70.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.  An order of dismissal will accompany this memorandum.

Dated this 1st  day of  November, 2021

.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE